**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0654n.06**

**Nos. 18-3582/3799/3970**

<table>
<tr><td>

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

</td><td>

**FILED**
Nov 17, 2020
DEBORAH S. HUNT, Clerk

</td></tr>
</table>

| | |
|---|---|
| ANAS ELHADY, et al., )<br>)<br>    Petitioners, )<br>)<br>v. )<br>)<br>DAVID PEKOSKE, Administrator of the )<br>Transportation Security Administration )<br>(TSA), )<br>)<br>    Respondent. )<br>) | ON PETITION FOR REVIEW OF AN ORDER OF THE TRANSPORTATION SECURITY ADMINISTRATION<br><br>OPINION |

Before: SUHRHEINRICH, STRANCH, and NALBANDIAN, Circuit Judges.

STRANCH, J., delivered the opinion of the court in which NALBANDIAN, J., joined, and SUHRHEINRICH, J., joined in the result. NALBANDIAN, J. (pp. 7–9), delivered a separate concurring opinion.

**JANE B. STRANCH, Circuit Judge.** This consolidated petition for review grows out of litigation in a district court in Virginia over the federal government's Terrorist Screening Database, often called the "Watchlist." At issue in this appeal is whether Congress granted the Transportation Security Administration (TSA) authority under 49 U.S.C. § 114(r) to designate and withhold information as Sensitive Security Information (SSI) in response to discovery requests during civil litigation. Because we lack jurisdiction under 49 U.S.C. § 46110 to answer this question, we **DISMISS** the petition.

Petitioners, Michigan residents, brought suit in Virginia challenging their inclusion in and the constitutionality of the Watchlist. *See Elhady v. Kable*, No. 16-cv-375 (E.D. Va. 2016). They claimed that Respondents/Defendants—federal officials of various executive agencies, including

the Terrorism Screening Center (TSC)—maintained Watchlist programs that violate the Administrative Procedure Act, the non-delegation doctrine, and procedural and substantive due process and equal protection under the Fifth Amendment. Petitioners seek a declaratory judgment that Respondents' policies violate their constitutional rights; they also seek an injunction requiring that Respondents provide notice of and the reasons for an individual's placement on the Watchlist, as well as a meaningful opportunity to contest their continued inclusion on the Watchlist.

On September 5, 2017, the district court in the underlying action dismissed Plaintiffs' claims on substantive due process, the Equal Protection Clause, and the non-delegation doctrine, but held that they had sufficiently pled their due process and APA claims. *Elhady v. Piehota*, 303 F. Supp. 3d 453, 468 (E.D. Va. 2017). The parties proceeded with discovery. Plaintiffs served discovery requests on the Defendants under Federal Rules of Civil Procedure 33 and 34, and subsequently filed three separate motions to compel under Rule 37. Relevant here, Plaintiffs seek evidence related to (1) the status of individuals on the various Watchlists; (2) criteria for selecting individuals for the Watchlists; and (3) statistics related to the effectiveness of Watchlists.

In defending against Plaintiffs' motions to compel, the TSC, which houses the materials sought, referred the documents responsive to the discovery requests to the TSA pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.9 for review to determine whether the documents constitute SSI. The TSA reviewed the materials and issued three separate orders (the Final Orders) determining that many of the requested documents contain Sensitive Security Information. The Final Orders determined that the requested information fell within three categories of SSI: "[t]hreat information," 49 C.F.R. § 1520.5(b)(7); "[s]ecurity screening information" for procedures "for screening of persons," 1520.5(b)(9)(i); and "[s]ecurity screening information" for "[i]nformation and sources of information used by a passenger . . . screening program or system," 1520.5(b)(9)(ii).

Because Plaintiffs/Petitioners reside in Michigan, the Final Orders were brought to this court for review. Our jurisdiction arises under 49 U.S.C. § 46110(a), which provides that "a person disclosing a substantial interest in an order issued by the [TSA] . . . may apply for review of the order by filing a petition for review in . . . the court of appeals of the United States for the circuit in which the person resides." 49 U.S.C. § 46110(a). Petitioners challenge the Final Orders as outside the authorization of 49 U.S.C. § 114(r). They do not challenge the SSI designation or the justifications for it; their argument is that during the course of civil litigation, the TSA does not have authority to collect documents responsive to discovery requests, then designate those materials as SSI and withhold them from production. Our first step is to ascertain whether we have jurisdiction to address that issue.

We begin with a brief explanation of the relationship among the applicable statutes. The TSA ensures aviation security and may withhold information under 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.5. In 2002, Congress enacted the Homeland Security Act, 116 Stat. 2135, which provides that the TSA "shall prescribe regulations prohibiting the disclosure of information . . . if the Administrator decides that disclosing the information would . . . be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1)(C); *see also* Final Rule, 67 Fed. Reg. 8340, 8342 (Feb. 22, 2002) (explaining that the agency's regulations protect from disclosure "[i]nformation that could help someone determine how to defeat [transportation] security systems"). Under this authority, the TSA promulgates rules defining and providing for the withholding of SSI.

TSA regulations define "sensitive security information" as, among other things, "[a]ny approved, accepted, or standard security program . . . and any comments, instructions, or implementing guidance pertaining thereto," as well as "[a]ny selection criteria used in any security screening process, including for persons, baggage, or cargo." 49 C.F.R. § 1520.5(a), (b).

SSI includes "information obtained or developed in the conduct of security activities, including research and development, the disclosure of which TSA has determined would . . . [b]e detrimental to the security of transportation." 49 C.F.R. § 1520.5(a). It also "includes information about security programs, vulnerability assessments, technical specifications of certain screening equipment and objects used to test screening equipment." 67 Fed. Reg. at 8342; *see also* 49 C.F.R. § 1520.5(b) (listing categories of SSI). At any point, the TSA may un-designate information as SSI and release it to the public, pursuant to 49 C.F.R. § 1520.5(c).

There are procedures in place for an individual to access certain information that has been designated as SSI. Pursuant to § 114(r), an individual must be a "covered person" and demonstrate a "need to know" to have access. 49 C.F.R. §§ 1520.7, 1520.11. And a party to a civil proceeding can be a "covered person" under 49 C.F.R. § 1520.7 and access SSI if she can demonstrate "substantial need of relevant SSI in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the information by other means." Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-295, § 525(d), 120 Stat. 1355 (2006). A district court's order granting a person access to SSI is "immediately appealable" to the governing United States Courts of Appeals, which may review both the district court's evidentiary finding and the "order specifying the terms and conditions of access to the SSI in question." *Id.*

Lastly, the TSA may not designate materials as SSI (1) "to conceal a violation of law, inefficiency, or administrative error"; (2) "to prevent embarrassment to a person, organization, or agency"; (3) "to restrain competition"; or (4) "to prevent or delay the release of information that does not require protection in the interest of transportation security." 49 U.S.C. § 114(r)(4).

Examination of our jurisdictional grant reveals that our review under 49 U.S.C. § 46110(a) is narrow. We examine the issuance of the order considering whether the TSA violated a federal statute, its own regulations, or the Constitution. Our review looks only to "the order" and the materials that have been designated as SSI. 49 U.S.C. § 46110(a). And we have authority only to "affirm, amend, modify, or set aside" any part of the order or to require the TSA to "conduct further proceedings." 49 U.S.C. § 46110(c).

Here, Petitioners do not challenge the TSA's orders or its justifications for designating the requested documents as SSI; they challenge the TSA's authority to designate materials as SSI during civil discovery and then withhold them. That challenge would require us to examine and interpret the relevant statute, 49 U.S.C. § 114(r), and how it intersects with the Federal Rules of Civil Procedure. Our jurisdiction, however, is limited to review of the TSA's issuance of the orders and the contents therein. The legitimacy and propriety of the SSI designations have no bearing on the outcome of the issue presented. Petitioner's challenge is more appropriately dealt with by the U.S. District Court of the Eastern District of Virginia and, if appealed, the Fourth Circuit. *See, e.g.*, *Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608 (N.D. Cal. 2004) (district court considering identical question presented).

Petitioners also argue that the TSA's issuance of the orders violated their constitutional due process rights by limiting their access to the SSI documents. But § 525(d) of the Department of Homeland Security Appropriations Act, 2007 provides an alternative administrative course of action to access the documents they seek. *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) ("[T]he 'availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure.'" (quoting *Dusanek v. Hannon*, 577 F.2d 538, 542–43 (7th Cir. 1982))).

We do not review the TSA's decision to designate the materials as SSI, for which we do have jurisdiction under § 46110, because Petitioners have not raised that issue before us.

For the foregoing reasons, we **DISMISS** this petition for lack of jurisdiction.

**NALBANDIAN, Circuit Judge, concurring**. I concur in the majority opinion. I only part ways on one limited point. I believe that we should review and reject Petitioners' argument that the TSA lacked statutory authority to designate documents as SSI once a litigant has requested those documents in discovery. I think that there are two questions involved here. First, whether the TSA exceeded its statutory authority generally in classifying the documents. And second whether the Petitioners may obtain the documents in discovery regardless. I agree with the majority that the latter question should be resolved in the underlying litigation. But I think that, given our jurisdiction, we can and should resolve the first.

Petitioners contend that Section 114(r) doesn't grant the TSA authority to classify documents as SSI once a litigant requests the documents in discovery. But the statute's text strongly rejects this argument. Section 114(r) dictates that the TSA administrator

> shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act or under chapter 449 of this title if the Administrator decides that disclosing the information would: (A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of transportation.

The Supreme Court recognized that this "language affords substantial discretion to the TSA in deciding whether to prohibit any particular disclosure."[1] *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 396 (2015). Thus, Section 114(r) authorizes the TSA to prohibit disclosure of almost anything that it determines, in "the exercise of considerable judgment," would "be detrimental to the security of transportation" if disclosed. *Id.*

---

[1] The Administrative Procedure Act normally strips our jurisdiction to review "agency action [] 'committed to agency discretion by law.'" *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2567 (2019) (quoting 5 U.S.C. § 701(a)(2)). Plaintiffs bring this appeal under Section 46110, not the Administrative Procedure Act. But we need not decide whether Congress similarly barred review of discretionary agency action in Section 46110.

The only statutory limitations to this broad discretion are that the TSA may not prohibit disclosure: "(A) to conceal a violation of law, inefficiency, or administrative error; (B) to prevent embarrassment to a person, organization, or agency; (C) to restrain competition; or (D) to prevent or delay the release of information that does not require protection in the interest of transportation security, including basic scientific research information not clearly related to transportation security." 49 U.S.C. § 114(r)(4). Limitation (A) is the only one relevant here and Petitioners make only a conclusory argument about why it should apply. They argue only that information about the status of individuals on the Watchlist and the criteria for placement on the Watchlist is "necessary to meaningfully litigate their constitutional Due Process claims." But they fail to specify which unconstitutional acts the TSA is allegedly covering up. Petitioners devote only one page of their brief to this issue and their conclusory statements are hardly enough to establish that Section 114(r)(4)(A)'s limitation on the Secretary's broad discretion applies here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusory statements do not suffice" to survive a motion to dismiss). And the procedure outlined in Section 525(d) of the Department of Homeland Security Appropriations Act, 2007 for litigants to access sensitive security information would be unnecessary if a litigation need were enough to trigger the limitations in Section 114(r)(4).

To be sure, Petitioners allege that the purpose of that statute was not to displace the Federal Rules of Civil Procedure. But I don't regard that as an argument that challenges the TSA's statutory authority to classify the information as SSI in the first place. Thus, I agree with the majority that any dispute about whether documents are discoverable once the TSA classifies them is for the court overseeing the underlying dispute. In any event, preventing the TSA from classifying documents whose disclosure may harm national security simply because they may later be discoverable in civil litigation would, in my mind, lead to absurd results, not the other way around.

Because the TSA lawfully issued the Final Orders and because Plaintiffs' conflict argument is outside our jurisdiction, I concur in the majority's judgment dismissing the petition.